IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01662-GPG

WALDO MACKEY,

    Applicant,

v.

LOU ARCHULETA, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Waldo Mackey, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On June 13, 2014, he filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).

    Mr. Mackey, who is a sex offender, contended he was informed on January 15, 2014, by the state parole board that he would need to participate in and successfully complete the Sex Offender Treatment and Monitoring Program (SOTMP) in order to be considered for release on parole. He complained his case managers and the mental health department have refused to allow him to participate in the SOTMP, which is available at the Fremont Correctional Facility, apparently "because of disciplinary procedures." ECF No. 1 at 6. He asserted violations of the Eighth Amendment right to be free from cruel and unusual punishment and the Fourteenth Amendment right to due process stemming from the refusal to allow him to participate in the SOTMP for the ten

months prior to his next parole hearing. As relief, he asked to "be granted parole and allowed to be able to take the sex offender program in the community." *Id.* at 10.

On June 16, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) granting Mr. Mackey leave to proceed pursuant to 28 U.S.C. § 1915 and directing him to file an amended habeas corpus application within thirty days.

In the June 16 order for an amended application, Magistrate Judge Boland explained that Mr. Mackey appeared to be asserting civil rights claims pursuant to 42 U.S.C. § 1983, i.e., denial of the ability to participate in the SOTMP, which are not properly raised in a habeas corpus action, but asking for habeas corpus relief pursuant to 28 U.S.C. § 2241, i.e., his release on parole.

Magistrate Judge Boland also pointed out in the June 16 order the differences between habeas corpus applications and civil rights complaints. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v.*

*Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Magistrate Judge Boland explained that Mr. Mackey may pursue habeas corpus claims seeking his release on parole in the instant action if he is challenging the execution of his sentence, whereupon he should file a § 2241 application, or attacking the validity of his conviction, whereupon he should file an amended § 2254 application. In any event, the magistrate judge further explained that if he intended to assert civil rights claims challenging the conditions of his confinement, he must file a separate civil rights action pursuant to § 1983. He may not proceed in the instant action with a hybrid pleading that appeared to combine asserting civil rights claims with a request for habeas corpus relief. Mr. Mackey was told he must decide which type of habeas corpus action he wanted to pursue, and directed to complete the appropriate forms for that action.

On July 3, 2014, Mr. Mackey filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5). On July 7, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. On August 7, 2014, after being granted an extension of time, Respondents filed a preliminary response (ECF No. 11). On August 21, 2014, Mr. Mackey filed a reply (ECF No. 12) to the preliminary response.

The Court must construe Mr. Mackey's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended § 2241 application will be denied.

In the amended § 2241 application Mr. Mackey filed on July 3, he alleges he was convicted of first-degree murder in 1985 and received a sentence of twenty years to life, plus a period of parole. He asserts that he is a sex offender with convictions in California and his operating Colorado case also is of a sexual nature. He explains that because of his sex offenses he is required to participate in sex offender treatment to be considered for parole. He contends he has been on the SOTMP wait list for the past ten years, and that he cannot be considered for parole until he is enrolled in sex offender treatment.

On June 6, 2013, Mr. Mackey filed a petition for writ of habeas corpus in Fremont County District Court Case No. 13CV42. *See* ECF No. 11, ex. A. On July 23, 2013, the Fremont County District Court entered an order denying Mr. Mackey's petition. *See* ECF No. 11, ex. B. On July 17, 2013, Mackey filed a petition in the Colorado Supreme Court. *See* ECF No. 11, ex. C (Integrated Colorado Courts E-Filing System Register of Actions for Case No. 13SA185). Because he filed the appeal prior to the July 23 order of the state district court, Mr. Mackey filed a motion to withdraw the notice of appeal on August 7, 2013. *See* ECF No. 11, ex. D. On August 12, 2013, Mr. Mackey re-filed a notice of appeal. *See* ECF No. 11, ex. E. On August 21, 2013, the Colorado Supreme Court dismissed the notice of appeal in the earlier appeal in No. 13SA185. *See* ECF No. 11, ex. F (Order Granting Motion to Dismiss Appeal). On December 26, 2013, Mr. Mackey filed his opening brief. *See* ECF No. 11,

ex. G. On April 8, 2014, the Colorado Supreme Court issued its order affirming the Fremont County district court decision denying Mr. Mackey's petition for writ of habeas corpus. See ECF No. 11, ex. H. On June 13, 2014, Mackey filed his original habeas corpus application in this Court. On July 7, 2014, he filed the amended application.

As his first and only claim, Mr. Mackey contends that his constitutional right to due process is being violated because he is being denied participation in the SOTMP, and as a result, being denied the opportunity to be considered for parole. As relief, he asks this Court to order "that DOC Mental Health either allow [him] to participate in the SOTMP, or inform the parole board that he will participate in the program in the community." ECF No. 5 at 5.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A federal court may only grant habeas corpus relief when a state prisoner is "in custody in violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c). Federal courts do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law. *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Review of habeas corpus actions under § 2241 is governed by 28 U.S.C. § 2243, which vests the Court with the authority to decide the case as a matter of law. *See* 28 U.S.C. § 2243; *Watts v. Hadden*, 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd*, 651 F.2d 1354 (10th Cir. 1981).

A § 2241 action must be brought by an applicant who is in custody in violation of the Constitution or laws of the United States. "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Mr. Mackey's sole claim that he is being denied an opportunity for parole because he is not being allowed to participate in sex offender treatment is not cognizable under § 2241 because Mr. Mackey does not attack the fact or length of his custody.  *See Haines v. Archuleta*, No. 13-cv-01897-PAB-KLM, 2013 WL 6658767, at *2 (D. Colo. Dec. 17, 2013) (citing *Preiser*, 411 U.S. at 484).  Mr. Mackey alleges that he already has seen the parole board and is parole eligible.  He is challenging the conditions of his confinement, including the administration of sex offender treatment.  This claim is appropriate in a civil rights action pursuant to § 1983.  *See Archuleta*, No. 13-cv-01897-PAB-KLM, 2013 WL 6658767, at *3 ("If [applicant] wishes to assert claims challenging the administration of the sex offender treatment program, he must do so in a separate prisoner civil rights action.").  Mr. Mackey's claim is not cognizable under § 2241, and his habeas corpus application must be dismissed.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that Applicant, Waldo Mackey, filed *pro se* on July 3, 2014, is denied and the action dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED November 18, 2014, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court